## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Bruce G. Klein, ) | |
| ) | **ORDER FOR RULE 26(f) PLANNING** |
| Plaintiff, ) | **MEEETING AND FOR RULE 16(b)** |
| ) | **SCHEDULING CONFERENCE, AND** |
| v. ) | **ORDER REGARDING DISCOVERY** |
| ) | **DISPUTES** |
| Gregory D. Klein, ) | |
| Wesley J. Klein, ) | |
| Jeffrey G. Klein, and ) | |
| Jelena M. Bouret/Barfield ) | |
| ) | Case No. 1:23-cv-00223 |
| Defendant. ) | |

**IT IS ORDERED**:

**Rule 26(f) Meeting and Rule 16(b) Scheduling Conference**

The court will hold a Rule 16(b) initial pretrial scheduling/discovery conference on February 6, 2024 at 9:00 AM CDT. The scheduling conference will be held by telephone. To participate in the conference, the parties shall call (877) 810-9415 and enter access code 8992581. Parties are advised that telephone conferences may be electronically recorded for the convenience of the Court.

Counsel may use the court's sample Scheduling/Discovery plan, available at www.ndd.uscourts.gov/forms. **If the court's sample form is used, please use the form as revised in August 2022.**

Counsel must confer in person or by telephone prior to the telephone conference. As required by Rule 26(f)(2) of the Federal Rules of Civil Procedure, during their conference, counsel must:

(1) Discuss the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.

(2) Make, or arrange to make, the initial disclosures required by Rule 26(a)(1)(A).

(3) Discuss any issues about preserving discoverable information, including electronically stored information. In discussing discovery of electronically stored information, counsel shall discuss what electronic sources each party will search, difficulty of retrieval, preservation of records, the form of production (electronic or hard-copy, format of production, inclusion of metadata, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues. Prior to counsel's Rule 26(f)(2) conference, counsel should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document retention/destruction policy, and whether the client has placed a "litigation hold" to prevent destruction of potentially relevant records.

(4) Discuss any need for a protective order and the provisions of any desired protective order.

(5) Discuss alternative dispute resolution (ADR) methods and whether to request a court-hosted settlement conference/mediation. Counsel are required to discuss the feasibility of ADR not only between themselves but also with their respective clients.

(6) Whether the parties will consent to jurisdiction of the magistrate judge.

(7) With a view toward securing the just, speedy, and inexpensive determination of the matter, develop a proposed discovery plan which meets the requirements of Rule 26(f)(3).

**No later than two business days prior to the conference**, counsel shall submit their joint proposed scheduling/discovery plan, electronically signed and dated by counsel for all parties, in **WordPerfect or Word format**, to the magistrate judge at ndd_J-Hochhalter@ndd.uscourts.gov. The plan shall reflect the Rule 26(f)(2) discussions and shall include, at minimum, proposed deadlines for each of the following:

(1) Filing any motions to join other parties;

(2) Filing any motions to amend the pleadings;

(3) Filing any other anticipated nondispositive motions;

(4) Completion of fact discovery;

(5) Disclosure of experts and their opinions;

(6) Completion of expert discovery; and

(7) Filing any dispositive motions, with a deadline no later than February 6, 2025, unless good cause for a later date is established at the scheduling conference.[1]

Any disagreements among counsel as to deadlines will be discussed at the scheduling conference.

Counsel are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses should be substantive and meaningful.

### Resolution of Discovery Disputes

It is hereby **ORDERED** that the following steps be undertaken by all parties prior to filing any discovery motions:

---

[1] The dispositive motion deadline is used in assigning a trial date, which will generally be approximately six months after the dispositive motion deadline.

(1) The parties are required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to resolve all differences without court action or intervention.

(2) In the event that all parties have made reasonable, good faith efforts to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the magistrate judge in an effort to try to resolve the discovery dispute **prior to** filing any discovery motions. The magistrate judge may require the parties to submit brief position statements prior to the telephonic conference.

(3) If the discovery dispute is not resolved during the telephonic conference with the magistrate judge, the magistrate judge may permit filing of discovery motions. In connection with the filing of any such motions, the moving party must fully comply with all requirements of Rule 37(a)(1) and Local Rule 37.1 and must submit the certifications required by those rules.

(4) The court will not hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-described steps have been strictly followed. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

Dated this 10th day of January, 2024.

                                                */s/ Clare R. Hochhalter*
                                                Clare R. Hochhalter, Magistrate Judge
                                                United States District Court