### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Bruce G. Klein, | ) |
|         Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Gregory D. Klein, Wesley J. Klein, Jeffrey G. Klein, and Jelena M. Bouret/Barfield, | ) Case No. 1:23-cv-223 |
|         Defendants. | ) |

On August 26, 2024, Defendants Gregory D. Klein ("Gregory") and Wesley J. Klein ("Wesley") filed a Motion to Dismiss Complaint. (Doc. No. 32). Defendant Jelena M. Bouret/Barfield ("Jelena") has joined in the motion. (Doc. No. 34).

On September 23, 2024, Plaintiff Bruce Klein ("Bruce') filed a Motion for an Extension of Time to Complete Discovery. (Doc. No. 37).

Judge Daniel M. Traynor has referred the Motion to Dismiss and Motion for an Extension of Time to Complete Discovery to the undersigned for preliminary consideration. For the reasons that follow, the undersigned recommends that the Motion to Dismiss Complaint (Doc. No. 32) be be granted in part, that this action be dismissed in its entirety for lack of jurisdiction, and that the Motion for an Extension of Time to Complete Discovery (Doc. No. 37) be deemed moot.

### I.  BACKGROUND

Plaintiff Bruce Klein is a North Dakota citizen. He initiated the above-captioned action with the submission of a paid, pro se complaint on November 15, 2023. (Doc. No. 1). In his complaint, under the heading "Jurisdiction," he cites the following as the bases for this Court's exercise of

1

federal question jurisdiction:

> 28 U.S. Code 144 - Bias or Prejudice of Judge
>
> 28 U.S. Code 1404 - Change of Venue
>
> 28 U.S. Code 455 - Disqualification of Justice, Judge, or Magistrate Judge
>
> 6th Amendment of the United States Constitution - Right to Make Closing Argument
>
> 14th Amendment of the United States Constitution

(Id.). He names four defendants, three with North Dakota addresses and one with an Indiana address. (Id.). He takes issue with a hearing regarding the John V. Klein Surface Trust and the sale of trust land that was held at the Stark County Courthouse in Dickinson, North Dakota, before State District Court Judge James Gion on or about November 14, 2022. (Id.). He asserts that the venue of the hearing was changed from the Dunn County Courthouse in Manning, North Dakota, to the Stark County Courthouse without sufficient notice and in violation of 28 U.S.C. 1404, that Judge Gion was neither fair nor impartial, that he was denied his constitutional right to examine trustees and to make a closing argument at the hearing, and that Defendant Wesley Klein lied under oath. (Id.). He seeks the immediate stay of any and all trust activities, the stay of a trust land sale, the removal of current trustees, and the installation of a court-appointed trustee. (Id.).[1]

On December 19, 2023, Jelena filed an Answer. (Doc. No. 10). On December 21, 2023, Gregory and Wesley filed a Answer. (Doc. No. 13). Defendant Jeffrey Klein has yet to file an Answer or otherwise respond to Bruce's Complaint.

---

[1] Gregory and Wesley are co-Trustees of the John V. Klein Family Trust. (Doc. No. 35-2). All of the parties to this action are trust beneficiaries. (Id.).

On August 26, 2024, Gregory and Wesley filed a Motion to Dismiss. (Doc. No. 32).[2] On September 16, 2024, Jelena filed a response to and joinder in the motion. (Doc. No. 34). That same day Bruce filed a response to the motion. (Doc. No. 35).[3] On October 1, 2024, Gregory and Wesley filed a reply. (Doc. No. 40).

Meanwhile, on September 23, 2024, Bruce filed a Motion for Extension of Time for Discovery. (Doc. No. 37). Gregory and Wesley filed a response on October 7, 2024. (Doc. No. 41 and 42). Bruce filed a reply on October 7, 2024. (Doc. No. 42).

## II.   APPLICABLE RULES

Gregory, Wesley, and Jelena move to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, for failure to state a claim pursuant to Fed. Civ. P. 12(b)(6). They technically cannot file a Rule 12(b) motion because they have already answered Bruce's Complaint. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Any party, however, may challenge subject-matter jurisdiction at any time pursuant to Fed. R. Civ. P. 12(h). See Fed.. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Kontrick v. Ryan, 540 U.S. 443, 455, 124 S. Ct. 906, 915, 157 L. Ed. 2d 867 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); S.D. Farm Bureau,

---

[2] Gregory and Wesley makes reference to and rely extensively on state court records in their Brief in Support of the Motion to Dismiss. (Doc. No. 32-1), They did not file these records with this court as exhibits in support of their motion, however.

[3] Bruce attached the following to his response: a copy of Judge Gion's "Order Granting Trustee's Petition for Sale of Trust Surface Interests and Distribution of Mineral Interests to Beneficiaries" dated February 2, 2023; and a copy of a "Petition for Sale of Assets and Distribution from Trust" dated July 20, 2022. (Doc. No. 35-2).

Inc. v. Hazeltine, 340 F.3d 583, 591 (8th Cir.2003) ("Whether a court has subject matter jurisdiction is an issue that any party or the court may raise at any time."). The Court may construe a challenge to jurisdiction as having been made under that rule. See Brown v. Grandmother's, Inc., No. 4:09CV3088, 2010 WL 611002, at *3 (D. Neb. Feb. 17, 2010). Similarly, the Court can construe Defendants' motion to dismiss for failure to state a claim as having been made under Fed. R. Civ. P. 12(c). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). "The standards applicable to analyses of Rule 12(b)(1) and 12(b)(6) motions remain applicable even though the [Defendants'] motion is not properly brought pursuant to those rules." Brown v. Grandmother's, Inc., No. 4:09CV3088, 2010 WL 611002, at *3; Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). (stating that a motion to dismiss brought under Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n. 3 (3d Cir.1992) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party. For purposes of this case, the motions are analytically identical because the only consideration is whether subject matter jurisdiction arises.").

The United States Supreme Court set forth the standard for evaluating a motion to dismiss under Rule 12(b)(6) in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff[s]'s specific factual allegations as true but [need] not ... accept a plaintiff[s]'s legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The Complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs. Twombly, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely. Id.

Subject matter jurisdiction can be challenged on the face of the Complaint or on the factual truthfulness of the allegations. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack simply asserts the plaintiff has not plead a basis for subject matter jurisdiction. Id. In a facial attack, the Court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)). A factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Branson Label, 793 F.3d at 914-15 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

### III. DISCUSSION

#### A. Motion to Dismiss

Gregory, Wesley, and Jelena assert that dismissal of this action for lack of jurisdiction is appropriate because Bruce's pleadings do not raise a federal question and complete diversity of citizenship is lacking. In the alternative, they assert dismissal is appropriate as Bruce's pleadings do not state claims upon which relief may be granted. Finally, they assert that Bruce's claims were previously litigated in state court and are therefore barred by the principles of res judicata, collateral estoppel, and waiver.

In response, Bruce asserts, inter alia, that the motion to dismiss filed by Gregory and Wesley and joined by Jelena is untimely as it was filed after they had answered his Complaint and that this Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 "because [his] complaint alleges violations of the 14th Amendment, 5th Amendment, 42 U.S.C.A § 1983, and 42 U.S.C.A § 1985."

#### 1. Timeliness

The undersigned construes Gregory's ,Wesley's and Jelena's motion to dismiss for lack of jurisdiction and for failure to state a claim has having been made under Fed. R. Civ. P. 12(h)(3) and 12(c). As noted above, any party may challenge subject-matter jurisdiction at any time pursuant to Fed. R. Civ. P. 12(h)(3). The undersigned shall now turn to Bruce's states bases for this Court's exercise of jurisdiction.

#### 2. 28 U.S.C. § 144

Bruce first asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 144. Section 144 is a federal statute addressing the bias or prejudice of a federal judge. 28 U.S.C. § 144. It does not provide for a private right of action; it only provides that United States District Judges may not

6

proceed further and another United States Judge must be assigned if a party files a sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice. It does not apply to state-court judges. See e.g., Saul v. U.S. Bank Nat'l Ass'n, No. 1:24-CV-00362-DHU-KK, 2024 WL 2185681, at *1 (D.N.M. May 15, 2024) (dismissing a plaintiff's 28 U.S.C. § 144 claim). Consequently, it does not provide the basis for a cognizable claim much less a basis for this court's exercise of jurisdiction.

### 3. 28 U.S.C. § 1404

Bruce next asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1404. Section 1404 is a federal statute addressing the venue of civil actions filed in federal court. 28 U.S.C. § 1404. It has no application to state court proceedings. Consequently, it does not provide the basis for a cognizable claim much less a basis for this court's exercise of jurisdiction.

### 4. 28 U.S.C. § 455

Bruce next asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 455. Section 455 is a federal statute governing the disqualification of federal judges and magistrate judges. It does not concern the disqualification of state judges. See 28 U.S.C. § 455 ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); see e.g., Sussman v. San Diego Police Dep't, No. 19-CV-01063-DMS-JLB, 2019 WL 13273194, at *5 (S.D. Cal. Nov. 4, 2019), aff'd, 821 F. App'x 841 (9th Cir. 2020) (dismissing a plaintiff's 28 U.S.C. § 455 claim). Consequently, it does not provide the basis for a cognizable claim much less a basis for this court's exercise of jurisdiction.

### 5. Sixth Amendment to the United States Constitution

Bruce next invokes the Sixth Amendment as a basis for this Court's exercise of jurisdiction and then goes on to assert he was denied the opportunity to confront witnesses and/or make a closing

argument in civil proceeding, i.e., the hearing in state court regarding the John V. Klein Surface Trust and the sale of trust land. The Sixth Amendment's Confrontation Clause provides that, "[i]n all *criminal* prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." (emphasis added). This bedrock procedural guarantee applies to both federal and state *criminal* prosecutions. See Crawford v. Washington, 541 U.S. 36, 42 (2004). It does not apply to *civil* actions. See e.g,. Lott v. Ferrell, 109 F. App'x 827, 828 (8th Cir. 2004) ([T]he Sixth Amendment right to confrontation does not apply in civil matters."). Consequently, it does not provide the basis for a cognizable claim much less a basis for this court's exercise of jurisdiction in this instance.

### 6. Fourteenth Amendment to the United States Constitution

Bruce next invokes the Fourteenth Amendment as a basis for this Court's exercise of jurisdiction. He then goes on to complain about the process or lack therefore he received during the hearing regarding the John V. Klein Surface Trust and the sale of trust land.

Insofar as Bruce is endeavoring to assert a constitutional due process claim, it is jurisdictionally barred by the Rooker-Feldman doctrine. Although the Rooker-Feldman doctrine is not explicitly raised by the parties, it can be raised sua sponte by the Court. See Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004) (stating that the Rooker–Feldman doctrine is jurisdictional and may therefore be raised sua sponte); Lewis v. Anderson, 308 F.3d 768, 771 (7th Cir. 2002) ("The Rooker–Feldman doctrine is jurisdictional in nature, and thus it may be raised at any time for the parties and by the court *sua sponte*.... Because of the jurisdictional nature of the doctrine, we must assure ourselves that it does not bar the suit before we turn to the merits." (internal citation omitted)); Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1996) (same).

The Rooker-Feldman doctrine provides that, with the exception of habeas corpus petitions,

lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state court proceedings. See Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005); Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010) ("The basic theory of the Rooker–Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment." (internal quotation marks omitted)); see also Lance v. Dennis, 546 U.S. 459, 466 (2006) ("The doctrine applies only in 'limited circumstances,' ... where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The Rooker–Feldman doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment."). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Mosby, 418 F.3d at 931 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)); see also Bruce v. City & Cnty. of Denver, 57 F.4th 738, 746 (10th Cir. 2023) ( "The Rooker-Feldman doctrine recognizes a jurisdictional bar on lower federal courts' review of claims where (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."). This jurisdictional bar extends to "challenges to state-court decisions ... even if those challenges allege that the state court's action was unconstitutional." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983; see also Ballinger v. Culotta, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under the Rooker-Feldman doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and

9

noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. See West v. Crnkovich, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); see also Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990) (stating the Rooker-Feldman doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, the nature of Bruce's participation in the state court proceedings about which he now complains and the relief he seeks renders the Rooker-Feldman doctrine applicable; he is beneficiary of the trust, participated in the state court proceedings, perhaps to a degree less than his liking, is bound by the state court's judgment, and is challenging the judgment after the fact. The relief he seeks would as a practical matter nullify the state court's decision. His attempt to recast his state court loss as deprivations of constitutional rights does not overcome the Rooker-Feldman jurisdictional bar. See Campbell v. City of Spencer, 682 F.3d 1278, 1284–85 (10th Cir. 2012) (explaining the doctrine bars a § 1983 claim where "an element of the claim is that the [state] judgment was wrongful"); see also Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007); Market v. City of Garden City, 723 F. App'x 571, 574 (10th Cir. 2017) (unpublished) (holding the Rooker-Feldman doctrine barred § 1983 claim where "for [plaintiff] to win, the municipal court's judgment had to be wrong"). The doctrine forbids review of state judgments "based on the losing party's claim that the state judgment itself violates the loser's federal rights," Johnson v. De Grandy, 512 U.S. 997, 1006 (1994).

Bruce's alleged injuries arise from, and are inseparable from, the outcome of the state court proceeding. Consequently, his constitutional claims are inextricably intertwined with the state

court's judgment. Tellingly, the relief Bruce seeks to unwind the state court's decision and relitigate his dispute regarding the sale of trust lands. This is precisely the relief the Rooker-Feldman doctrine says lower federal courts are powerless to provide. See e.g, Dillard v. Bank of New York, 476 F. App'x 690, 691-92 (10th Cir. 2018) (holding that plaintiff's due process claim was barred by the Rooker-Feldman doctrine because she "unquestionably sought review and rejection of the state court foreclosure and eviction proceedings"); Castro v. Kondaur Cap. Corp., 541 F. App'x 833, 837-38 (10th Cir. 2013) (unpublished) (affirming district court's conclusion that plaintiffs' due process claim arising out of a foreclosure proceeding was barred by the Rooker-Feldman doctrine because "reviewing Plaintiffs' due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgment"); Driskell v. Thompson, 971 F. Supp. 2d 1050, 1065 (D. Colo. 2014) (dismissing plaintiff's Fifth Amendment due process claim and Fourth Amendment unlawful seizure claim arising out of a Rule 120 hearing because reviewing those claims "would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the Rooker-Feldman doctrine"); Bishop v. JP Morgan Chase Bank, Nat'l Ass'n, No. 17-cv-01188-RM-KLM, 2018 WL 4368614, at *3 (D. Colo. Mar. 6, 2018) (holding that plaintiff's due process claim – alleging a host of defects in foreclosure proceedings, including a lack of discovery, the inability to present evidence of fraud, and the inability to appeal foreclosure orders – was barred by the Rooker-Feldman doctrine).

       **7.     42 U.S.C. § 1983, 42 U.S.C. § 1985, and the 5th Amendment to the United States Constitution**

In his response to the motion to dismiss, Bruce invokes for the first time 42 U.S.C. § 1983, 42 U.S.C. § 1985 and the Fifth Amendment to the United States Constitution.

As discussed above the Rooker–Feldman doctrine forecloses indirect attempts to undermine

state court decisions in federal court. A federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding.

### B. Defendant Jeffrey G. Klein

Defendant Jeffrey G. Klein has not entered an appearance and thus has not joined in the motion to dismiss. The Court should nevertheless sua sponte dismiss this action as it pertains to him for lack of jurisdiction.

### C. Discovery Motion

As this matter is subject to dismissal for lack of jurisdiction, Bruce's motion for additional time to complete discovery should be deemed moot.

## IV. CONCLUSION AND RECOMMENDATION

The undersigned **RECOMMENDS** that the court **GRANT** the motion to dismiss for lack of jurisdiction (Doc. No. 32), **DISMISS** the above-captioned action in its entirety, and deem the motion for an extension of time to complete discovery (Doc. No. 37) **MOOT**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Objections to this recommendation are due by December 6, 2024. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 20th day of November, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court